UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

SUSANA MORODER-RIVERA and
WILLIAM RIVERA,

    Plaintiffs,

v.

NAPLES EDGEWATER LLC
d/b/a EDGEWATER BEACH HOTEL

    Defendant
_____/

## COMPLAINT

COMES NOW, Plaintiffs, SUSANA MORODER-RIVERA and WILLIAM RIVERA, by and through undersigned counsel, hereby sues Defendant, NAPLES EDGEWATER LLC d/b/a EDGEWATER BEACH HOTEL (hereinafter "EDGEWATER BEACH HOTEL"), and for an action states:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and §1343 for the Plaintiff's claims arising under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. 12181 (hereinafter "ADA") and supplemental jurisdiction for Plaintiffs state law claims.

2. Jurisdiction is conferred on this court by 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and are occurring in this judicial district.

## PARTIES

3. Plaintiff, SUSANA MORODER-RIVERA is a person who is Blind, and is therefore a person with a disability under 42 U.S.C. § 12101, and is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

4. Plaintiff, WILLIAM RIVERA is a person who is Blind, and is therefore a person with a disability under 42 U.S.C. § 12101, and is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

5. Defendant, NAPLES EDGEWATER LLC d/b/a EDGEWATER BEACH HOTEL, owns and operates a beachfront hotel in Naples located at 1901 Gulf Shore Boulevard North, Naples, FL 34102.

6. Defendant, NAPLES EDGEWATER LLC d/b/a EDGEWATER BEACH HOTEL owns, leases, or operates a place of public accommodation as defined by the Americans with Disabilities Act, 42 USC § 12181(7), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

7. Upon information and belief, EDGEWATER BEACH HOTEL is also operated by Ocean Properties Hotels, Resorts and Affiliates, which includes the EDGEWATER BEACH HOTEL in its portfolio of over 125 hotels in the United States and Canada, and Plaintiff reserves the right to add in all entitles that own and/or operate the EDGEWATER BEACH HOTEL.

## FACTS

8. SUSANA MORODER-RIVERA and WILLIAM RIVERA were guests at the Edgewater Beach Hotel, from Monday May 24th through Monday May 31st, 2021.

9. Prior to Plaintiff's arrival at the Edgewater Beach Hotel, their travel agent made sure to indicate to the hotel staff that they are visually impaired and that they would therefore

require what would be considered marginal and targeted assistance, which consisted of an occasional escort to and from their room to the hotel breakfast area and to the restrooms.

10. On Thursday May 27th, Plaintiffs made a complaint via text regarding a receptionist who was less than friendly when one morning when Plaintiffs requested the usual escort assistance as they did on previous occasions.

11. Several hours later, the Edgewater Beach Hotel general manager, Laura Radler. approached Plaintiffs in person while they were on the beach, and rudely notified them of the following:

   a. Plaintiffs excessively used staff time and that staff would no longer provide escort services.

   b. Plaintiffs should relocate to a different hotel where their needs would be more likely to be met.

12. Further, Ms. Radler insisted on providing them the contact information of a local private company which sells personalized "concierge services" to people with severe disabilities, recommending them to contract for these services at their own expense.

13. Plaintiffs attempted to speak to Mr. Radler regarding their rights under the ADA for reasonable modifications of practices for Blind guests. Ms. Radler became defensive and informed them that she would no longer engage in further conversation with them.

14. SUSANA MORODER-RIVERA and WILLIAM RIVERA would like to return to the Edgewater Beach Hotel and be able to obtain full and equal enjoyment of the accommodations of the hotel, without discrimination or segregation on the ground of disability.

15. Naples is relatively close to the Plaintiff's home and is just a two- and one-half drive from Miami Beach, FL. SUSANA MORODER-RIVERA and WILLIAM RIVERA will return to the hotel during their vacation in March of 2023.

16. The Edgewater Beach Hotel has discriminated, and is continuing to discriminate, against SUSANA MORODER-RIVERA and WILLIAM RIVERA in violation of the ADA by failing to modify their policies and procedures to accommodate customers who are blind or have low vision

17. SUSANA MORODER-RIVERA and WILLIAM RIVERA have suffered and will continue to suffer direct and indirect injuries as a result of Edgewater Beach Hotel's discrimination until the hotel adequately and continues to train its employees to accommodate customers who are blind or who have low vision.  Until such time, SUSANA MORODER-RIVERA and WILLIAM RIVERA are denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at the Edgewater Beach Hotel equal to those afforded to sighted individuals.

18. SUSANA MORODER-RIVERA and WILLIAM RIVERA have a realistic, credible, existing and continuing threat of discrimination due to The Edgewater Beach Hotel's non-compliance with the ADA. SUSANA MORODER-RIVERA and WILLIAM RIVERA desire to stay at the Edgewater Beach Hotel and have full and equal enjoyment of the property without fear of discrimination.

19. SUSANA MORODER-RIVERA and WILLIAM RIVERA have retained Disability Independence Group, Inc. and have agreed to pay them reasonable fees for their services.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

20. The Plaintiffs allege and incorporates by reference paragraphs 1 through 19 as if alleged herein.

21. Plaintiffs SUSANA MORODER-RIVERA and WILLIAM RIVERA disabilities substantially limit their major life activities, including their ability to see. Therefore, Plaintiffs are individuals with a disability under Title III of the Americans with Disabilities Act. Plaintiffs met the essential requirements for Defendant's services material hereto. Thus, Plaintiffs are qualified individuals with a disability and entitled to the protections of the Americans with Disabilities Act under 42 U.S.C. § 12181, et seq.

22. Defendant The Edgewater Beach Hotel, a beachfront hotel with 125 elegantly appointed suites and is considered to be a public accommodation pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181(7)(a).

23. Defendant violated Title III of the Americans with Disabilities Act in failing to modify their practices and procedures to accommodate its customers who are blind or have low vision.

24. Defendant violated Title III of the Americans with Disabilities Act by requiring the Plaintiffs to hire their own "concierge services" to provide accommodations that the hotel was obligated to provide.

25. In 2001, the Department of Justice issued clear guidance to providers of hotels, motels, and other places of transient lodging to ensure that everyone, regardless of vision, has an

equal opportunity to enjoy services and facilities. [1]

26. Such additional services that a hotel is required to provide for its Blind or low vision customers, includes the following:

    a. **Wayfinding**. Staff who assist guests should offer assistance to guests who are blind or who have low vision in finding the Registration Desk or other hotel facilities.

    b. **Forms and Documents**. Upon request, staff should read fully, and provide assistance in completing, registration folios, hotel bills, service request forms, and other documents. You may find it more helpful to your guests to provide frequently used documents – including registration instructions – in Braille, audio recording, and large print. Many people who are legally blind or who have low vision are able to read documents printed in 18- or 20-point type in a sans serif font such as Arial.

    c. **Information in Alternate Formats**. Guests who are blind or who have low vision should be informed of all front desk information that is available to other guests through visual means – such as posted check-out times and acceptable methods of payment. All information that is available to others should be made available to people who are blind or who have low vision, in Braille, large print, audio recording, or orally. Some hotels have found it helpful to put all relevant information into a single package and inform guests who are blind or who have low vision of its availability at check-in.

---

[1] Americans with Disabilities Act, GUIDE FOR PLACES OF LODGING: SERVING GUESTS WHO ARE BLIND OR WHO HAVE LOW VISION, found at https://www.ada.gov/lodblind.htm

*Disability Independence Group, Inc. *2990 Southwest 35th Avenue* Miami, Florida 33133*

d. **Guiding Techniques**. It is a routine practice in many hotels to offer assistance to guests in finding their rooms and other facilities. It may be a reasonable modification of this practice to assist guests who are blind or who have low vision in wayfinding throughout their stay.

e. **Orientation to the Room**. Guests who are blind or who have low vision should be offered a thorough orientation to their guest rooms. If the guest accepts the offer, staff should explain the location of the bed, desk (and associated electrical outlet and data port, if provided), dresser, table and chairs, thermostat, television and remote control, light switches and lighting, closet, suitcase stand, and telephone. Staff should also offer to tell the guest how to operate the drapery controls and explain whether the curtains are open or closed and opaque or see-through.

f. **Instructions for Use**. During check-in, hotels should inform guests who are blind or who have low vision that the hotel will provide, free of charge, large print, Braille, and recorded instructions for all services for which print instructions are provided for guests.

g. **Emergencies**. Emergency evacuation instructions should be provided in a way that can be used effectively in the event of an emergency. One way to do this would be to hang Braille and large print evacuation instructions on the back of the door, adjacent to where they are posted for others to see

h. **Restaurants and Lounges. Seating arrangements** - Ask the guest about his or her lighting preferences. **Buffets** - For buffet service, offer assistance in identifying and serving food on the buffet table. Menus - Hotels should provide

menus in alternate formats including Braille, large print, and audio recording. Additionally, staff should offer to read the menu, including listings and prices.

27. The Edgewater Beach Hotel has knowledge of their obligations under the Americans with Disabilities Act and was deliberately indifferent to the rights of SUSANA MORODER-RIVERA and WILLIAM RIVERA and other individuals with disabilities who are similarly situated.

28. The Edgewater Beach Hotel knew that SUSANA MORODER-RIVERA and WILLIAM RIVERA would be harmed by their failure to modify their policies and procedures.

**WHEREFORE,** Plaintiff, SUSANA MORODER-RIVERA and WILLIAM RIVERA, respectfully pray that this Court grants the following relief against the Defendant, NAPLES EDGEWATER LLC d/b/a EDGEWATER BEACH HOTEL, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's practices, policies and procedures have subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act permanently enjoining the Defendant from any practice, policy and/or procedure which will deny Plaintiffs equal access to, and benefit from Defendant's services or which deny Plaintiffs access to Defendant's facility. This includes entering a permanent injunction ordering the Defendant:

   a. To cease discrimination against Plaintiff and other individuals who are blind or visually impaired;

   b. To promulgate and comply with policies and procedures to ensure that the Defendant and its staff do not discriminate against individuals who are blind or visually impaired;

    c. To provide annual training to the staff of the EDGEWATER BEACH HOTEL and any other hotel owned or operated by the Defendants to accommodate and modify polices and procedures for persons who are blind or visually impaired.

    d. Award reasonable costs and attorneys' fees; and

    e. Award any and all other relief that may be necessary and appropriate.

## COUNT II
## FRAUDULENT MISREPRESENTATION

29. The Plaintiffs allege and incorporate by reference paragraphs 1 through 19 as if alleged herein.

30. Defendant's actions are a clear violation of Fla. Stat. §501.204 (1), "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

31. A practice which "offends established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" violates the Florida Deceptive and Unfair Practices Act.

32. Defendant engaged in deceptive and unfair trade practices, as defined by Fla. Stat. § 501.204, by holding itself out as providing accessibility to persons with disabilities, and confirming the need for such accommodations, and then, in violation of applicable discrimination law, denying them the programs and service of such entity.

33. As a result of the defendant's actions, Plaintiffs suffered actual damages, including, but not limited to monetary damage for the loss of the value of their vacation.

**WHEREFORE**, Plaintiffs, SUSANA MORODER-RIVERA and WILLIAM RIVERA, respectfully pray that this Court grants the following relief against the Defendant, NAPLES

EDGEWATER LLC d/b/a EDGEWATER BEACH HOTEL and finds that their practice of denying accommodations and services to SUSANA MORODER-RIVERA and WILLIAM RIVERA was deceptive and unfair, and award appropriate compensatory damages, and such further relief that is just and equitable.

Respectfully submitted this 17th day of August 2021.

By: /s/ Matthew W. Dietz, Esq.
Matthew W. Dietz, Esq.
Florida Bar No. 0084905
**Disability Independence Group, Inc.**
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181
mdietz@justdigit.org
aa@justdigit.org